UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLSTATE INSURANCE COMPANY,

NO. CIV.S-06-856 LKK/KJM

        Plaintiff,

   v.                                O R D E R _____

RICKEY CARL HUERTA, et al,

        Defendants.

_____/

    Allstate Insurance Company ("Plaintiff") filed this action seeking declaratory judgment that it has no duty to defend and indemnify Rickey and Virginia Huerta ("Defendants") in a pending state court tort action.  Currently pending before this court is defendant Virginia Huerta's motion to dismiss on the grounds that related state court proceedings make the district court's jurisdiction in this declaratory action improper.

**I.**

**ALLEGATIONS OF THE COMPLAINT**

**A.   The State Court Proceedings**

    On March 21, 2004, defendant Rickey Huerta is alleged to have

1

1 shot Matthew Tallman, then a deputy sheriff with the Sacramento
2 County Sheriff's Department.  The shooting allegedly took place at
3 the Huerta home.  On that day, Virginia Huerta was the named
4 insured on a homeowner's policy provided by Allstate Insurance
5 Company.  The policy covered the Huerta's home, which was located
6 at 5741 San Ardo Way in North Highlands, California.  Rickey Huerta
7 was tried and convicted of (1) attempted premeditated murder of a
8 police officer, (2) assault with a firearm on a police officer, (3)
9 felon in possession of a firearm and (4) discharge of a firearm
10 into an occupied dwelling.  <u>People v. Rickey Carl Huerta</u>,
11 Sacramento Superior Court, Case No. 04F02713.

12     On January 27, 2006, Matthew Tallman commenced a civil
13 personal injury action in Sacramento Superior Court, Case No. 06
14 AS 00353 ("Underlying Action"), against defendants seeking
15 compensatory and punitive damages in excess of $530,000.  This case
16 is still pending in the Superior Court.  Virginia Huerta notified
17 plaintiff of the civil action on March 13, 2006.  Ricky Huerta, as
18 Virginia Huerta's resident spouse, was an insured person under the
19 homeowner's policy.  Virginia Huerta requested that plaintiff take
20 over the defense of the underlying action, which allegedly fell
21 within the coverage of the homeowner's policy.  Plaintiff agreed
22 to defend, but reserved the right to contest coverage.  Plaintiff
23 was and is not a party to the underlying action.

24 **B.    Federal Complaint Seeking Declaratory Relief**

25     On April 27, 2006 plaintiff filed this federal action seeking
26 a declaratory judgment that it is not obligated to defend or

indemnify defendant in the underlying action. Defendant subsequently filed the pending motion to dismiss on the grounds that the related action in state court makes the exercise of federal jurisdiction over this matter improper.

## II.

### STANDARDS

On a motion to dismiss, the allegations of the complaint must be accepted as true. See Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.; see also Wheeldin v. Wheeler, 373 U.S. 647, 648 (1963)(inferring fact from allegations of complaint).

In general, the complaint is construed favorably to the pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). So construed, the court may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In spite of the deference the court is bound to pay to the plaintiff's allegations, however, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged,

3

1   or that the defendants have violated the . . . laws in ways that
2   have not been alleged."   Associated General Contractors of
3   California, Inc. v. California State Council of Carpenters, 459
4   U.S. 519, 526 (1983).

**III.**

**ANALYSIS**

Defendants move to dismiss plaintiff's declaratory judgment action on the grounds that it is parallel to and duplicative of the underlying state tort action.  Plaintiff, however, maintains that the pending state and federal actions present separate issues for adjudication, and that the court's jurisdiction in this action is proper.   For the reasons explained herein, the court denies defendant's motion to dismiss.

**1.   Overview of the Declaratory Judgment Act**

The Declaratory Judgment Act provides a mechanism by which parties may define their rights, duties or obligations regarding a controversy not yet ripe for adjudication.  Declarations may be sought in a broad range of issues, such as contract interpretation. Insurers may seek a declaratory judgment relating to their coverage obligations and are entitled to such relief before the underlying action is finally adjudicated.  Allstate Ins. Co. v. Miller, 743 F. Supp. 723, 725-26 (N.D. Cal. 1990).

A declaratory judgment action can be brought in state or federal court.  28 U.S.C. § 2201(a) ("any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration").   In order for a

1 declaratory judgment action to be properly brought in federal
2 court, however, there must be an independent basis for the court's
3 jurisdiction, such as diversity jurisdiction. Aetna Cas. Co. v.
4 Merritt, 974 F.2d 1196, 1199 (9th Cir. 1992) ("We know of no
5 authority for the proposition that an insurer is barred from
6 invoking diversity jurisdiction to bring a declaratory judgment
7 action against an insured on an issue of coverage.")

8     When a related action is pending in a state court, federal
9 courts should avoid unnecessary litigation that is duplicative of
10 the state court action.  Determining whether the related state
11 action prevents proper federal jurisdiction is discretionary. In
12 Brillhart v. Excess Ins. Co. of America,315 U.S. 491 (1942), the
13 Supreme Court sets forth a non-exclusive, but heavily relied upon,
14 list of factors for a district court to consider in determining
15 whether to exercise jurisdiction.  These include: (1) avoiding
16 needless determinations of state law issues, (2) discouraging
17 litigants from forum shopping and (3) avoiding duplicative
18 litigation. Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225
19 (9th Cir. 1998).

20     A pending state action does not necessarily prohibit federal
21 jurisdiction over a related declaratory judgment action.  Though
22 the district court should consider the scope of the state claims
23 as it relates to the declaratory action, "[t]he pendency of a state
24 court action does not, of itself, require a district to refuse
25 federal declaratory relief." Gov't Employees, 133 F.3d at 1225.
26  If it is determined that the pending state action is indeed

5

parallel, the district court should generally decline to grant relief in a related declaratory action. <u>Continental Cas. v. Robsac</u>, 947 F.2d 1367, 1370 (9th Cir. 1991) (over-ruled by <u>Gov't Employees Ins. Co. v. Dizol</u>, 133 F.3d 1220 (9th Cir. 1998) on other grounds).

**2.   Whether Federal Jurisdiction is Proper in the Case at Bar**

Defendants allege that this court's jurisdiction is improper because the same factual issues are being litigated in both this case and the pending state court action.  There are several reasons why the declaratory action before this court is not sufficiently parallel or similar to the underlying action to justify abstention.

First, the present declaratory action addresses contract interpretation, which is an issue separate from the underlying tort action being litigated in state court. This action presents a discrete legal question as to plaintiff's contractual duties to defendant under their insurance policy.  The extent of coverage does not depend on whether defendants are found liable in the underlying action.  The declaratory judgment action simply seeks a determination as to whether the allegations in the underlying action are of the nature intended to be covered by the insurance policy. <u>See</u> <u>Borg v. Transamerica Ins. Co.</u>, 47 Cal. App. 4th 448, 454 (1996).  In contrast, the underlying action turns on factual questions relating to liability for injuries incurred by Matthew Tallman.  These factual questions are not present in the action for declaratory relief.

Second, plaintiff is not a party to the state litigation, a factor the court must consider. <u>State Farm v. Thomas</u>, 756 F. Supp.

1    440, 442 (N.D. Cal. 1991).  Third, the determination of coverage

2    will not be addressed in the pending state action.  <u>Am. Cas. Co.</u>

3    <u>v. Krieger</u>, 181 F.3d 1113 (9th Cir. 1999).  Similar to the case at

4    bar, in <u>Krieger</u>, an insurer sought federal declaratory judgment as

5    to its duty to defend insured in a pending state tort suit.  The

6    state case did not address the coverage issue.  Finding that "this

7    [was] not a case in which the district court was faced with a

8    request for 'needless determination of state law issues'",

9    retention of jurisdiction was proper.  <u>Id</u>. at 1119.  In the case

10   at bar, different parties are litigating different issues in the

11   state court case as compared to the pending federal action.  Thus,

12   there is no presumption that the declaratory action should be heard

13   in state court.  <u>Gov't Employees</u>, 113 F.3d at 1225.

14       A case closely resembling the one at bar came before the

15   Northern District in 1991.  <u>State Farm Ins. Co. v. Thomas</u>, 756 F.

16   Supp. 440 (N.D. Cal. 1991) (Weigel, J).  In <u>Thomas</u>, a home-seller

17   was sued in state court by the purchaser of their home.  The seller

18   wanted the home-owner's insurance policy on their old home to cover

19   the defense of a tort suit brought against them.  The Insurer

20   sought federal declaratory relief as to their coverage duty.

21   Overlap between the two actions was considered "minimal" because

22   different questions were being presented and the insurer was not

23   even a party to the state suit.  <u>Id</u> at 442.  The district court

24   did not consider the pending state tort proceedings as parallel to

25   the declaratory action or prohibitive to jurisdiction.  The federal

26   court, therefore, was properly able to grant declaratory relief.

1  As in Thomas, the plaintiff in the case at bar is not a party to

2  the pending state suit, and the underlying tort suit does not

3  address the insurance coverage issue.

4      The court also observes that comity interests are not hindered

5  by exercise of federal jurisdiction in this action. Contrary to

6  defendant's contention, there will be no race to conclusion between

7  federal and underlying state actions because they address

8  independent and separate claims.   In a similarly postured

9  declaratory judgment action, the court in Allstate Ins. Co. v.

10  Chaney, 804 F. Supp. 1219, 1224 (N.D. Cal. 1992) (J. Armstrong)

11  explained that "[t]o decide whether coverage exists under the

12  applicable policies, the court merely must determine whether the

13  allegations in the complaints in the state court actions, even if

14  accepted as true, give rise to coverage under the policies at

15  issue." As noted previously, this is a very different question

16  from the factual question at issue in the underlying action. Since

17  this federal action neither intrudes or depends upon the outcome

18  of the underlying action principles of comity are not violated.

19      In the case at bar, as in Thomas and Chaney, plaintiff is not

20  a party in the state court action and the underlying state court

21  action does not address the issue of insurance coverage.   This

22  present action and the pending state suit are only remotely related

23  and do not constitute parallel litigation.  Interests in avoiding

24  duplicative litigation and forum shopping are, therefore, not

25  violated by exercise of the court's jurisdiction.

26      For these reasons, the court finds that the Brillhart factors

1 weigh in favor of retaining federal jurisdiction. This court may

2 properly exercise jurisdiction over plaintiff's declaratory

3 judgment action.

**IV.**

**CONCLUSION**

6     For the reasons explained above, defendant's motion to dismiss

7 is DENIED.

8 IT IS SO ORDERED.

9 DATED:  September 13, 2006.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

9